Civil No. 21-02417, ECF No. 19

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **ERIN SMID,** *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, et al.<br><br>Defendant. | Civil No. 21-02417-NLH-SAK |
| **RICHARD CHASE, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, et al.<br><br>Defendant. | Civil No. 21-4650-NLH-SAK |
| **EMILY BACCARI, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, et al.<br><br>Defendant. | Civil No. 21-4749-NLH-SAK |

| | |
|---|---|
| **EDWINA SMITH, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**CAMPBELL SOUP COMPANY, et al.**<br><br>Defendant. | **Civil No. 21-8567-NLH-SAK** |

## OPINION AND ORDER

This matter comes before the Court by way of a Motion to Consolidate ("Consolidation Motion") by Plaintiff, Erin Smid, individually and on behalf of those similarly situated ("Plaintiff").[1] Plaintiff seeks to consolidate for all purposes including trial, *Smid v. Campbell Soup Co.*, No. 1:21-cv-02417-NLH-SAK ("*Smid*"),[2] *Chase v. Campbell Soup Co.*, No. 1:21-cv-04650-NLH-SAK ("*Chase*"), *Baccari v. Campbell Soup Co.*, No. 1:21-cv-04749-NLH-SAK ("*Baccari*"), and *Smith v. Campbell Soup Co.*, No. 1:21-cv-08567-NLH-SAK ("*Smith*") (together "Related Cases") proposed consumer class actions. Defendants, Campbell Soup Company and Plumb, PBC ("Defendants"), filed a response to Plaintiff's motion [ECF No. 22] consenting to the consolidation of the Related Cases for all purposes. Plaintiffs in *Baccari* filed a response to the motion [ECF No. 24] objecting to consolidation for trial purposes and the need for an amended consolidated complaint, at this time. Pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth herein, it is hereby Ordered that Plaintiff's Motion to Consolidate is **GRANTED in part**.

---

[1] Plaintiff's Motion to Consolidate is co-signed by counsel for Plaintiffs in the *Chase* and *Smith* actions.
[2] Unless otherwise stated, all references herein are from the *Smid* docket.

I.  **BACKGROUND**

Plaintiff is a consumer, and a proposed member of a class of individuals, who purchased baby foods manufactured by Defendants. *See Pl. Comp*. [ECF No. 1]. Defendants are corporations that manufacture various food products. *Id.* Plaintiff filed a complaint, alleging that baby foods manufactured by Defendants contain significant levels of toxic heavy metals. *Id.* Plaintiff's arguments stem from the results of a U.S. House of Representative Subcommittee on Economic and Consumer Policy ("Subcommittee") report dated February 4, 2021. *Id.* In reliance on the Subcommittee report, Plaintiff alleges that Defendants failed to list heavy metals as an ingredient in manufactured products. *Id.* Defendants dispute all of the allegations. *See Defs. Resp.* [ECF No. 22]. Thereafter, counsel for other plaintiffs, relying on the same Subcommittee report and alleging similar facts and laws, commenced the *Chase* and *Baccari* matters on March 10, 2021, and the *Smith* matter on April 7, 2021.

II.  **PROCEDURAL HISTORY**

Plaintiff filed the *Smid* action on February 11, 2021. *See Pl.'s Comp*. [ECF No. 1]. On April 12, 2021, Plaintiff filed a Motion to Consolidate for all purposes including trial, which is presently before the Court. *See Pl.'s Mot.* [ECF No. 19]. Defendants filed a response consenting to Plaintiff's motion on April 29, 2021. *See Defs. Resp.* [ECF No. 22]. On May 3, 2021, Plaintiffs in *Baccari* filed a response consenting to a consolidation for pre-trial discovery purposes only. *See Res. to Mot.* at 2 [ECF No. 24]. Plaintiffs in *Baccari* argue it is premature to consolidate the cases for trial or to order an amended complaint because "there is no leadership structure and uniform agreement on the prosecution of the case". *Id*. at 3. In *Smid* [3], *Chase* [4], and *Baccari*[5], the Court

---

[3] In *Smid*, the Court entered a Stipulated Order [ECF No. 40] on May 25, 202.
[4] In *Chase*, the Court entered a Stipulated Order [ECF No. 13] on May 21, 2021.
[5] In *Baccari*, the Court entered a Stipulated Order [ECF No. 24] on June 9, 2021.

entered a Stipulated Order allowing Defendants additional time to file an answer or responsive pleading to the complaint pending the present motion.[6] On June 8, 2021, the United States Judicial Panel on Multidistrict Litigation ("MDL") issued an Order Denying Transfer of this litigation.[7] *See Order from MDL Panel* [ECF No. 46]. On June 16, 2021, Plaintiffs for all the Related Cases filed a Notice of Supplemental Authority [ECF No. 47], advising the Court of the MDL Order in support of the pending Motion to Consolidate.

### III.   **DISCUSSION**

*Federal Rule of Civil Procedure 42(a)* states that "if actions before the court involve a common question of law or fact, the court may. . . (2) consolidate the actions". A district court has the sound discretion to determine if a matter should be consolidated. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998), *see also, United States v. Kramer*, 770 F. Supp. 954, 957 (D.N.J. 1991) (stating a district court has inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants) (internal quotations omitted). A common question of law and fact is a prerequisite for consolidation. *In re Consol. Parlodel Litig.*, 182 F.R.D at 444. Yet, the "mere existence of a common question does not require consolidation." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993). Consolidation is appropriate to facilitate the administration of justice and to avoid unnecessary costs and/or delay. *Id.*, *see also, Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008) (stating the court may order actions consolidated to

---

[6] A similar request was not made in *Smith*. However, as the parties in *Smith* have consented to the proposed form of Order before the Court [ECF No. 19-6], the same result will occur.

[7] The MDL involved a request to consolidate a series of cases involving "baby food products containing heavy metals". *See Order from MDL Panel* [ECF No. 46]. The MDL Panel denied the request, finding that although the claims were similar, the defendants in each action had different manufacturing processes and standards. As such, the MDL Panel concluded that discovery would not be convenient or efficient for the parties, nor the court. *Id.* at 2. The MDL Panel instead believes at this stage it should allow the parties to "self-organize" before centralizing any part of the litigation. *Id.* at 4.

promote judicial economy and for purposes of any proceedings that may tend to avoid unnecessary costs or delay).

In the present matter, a consolidation of the cases for discovery and case management purposes would promote the administration of justice and avoid unnecessary costs and/or delay for all parties. It is undisputed that the *Smid*, *Chase*, *Baccari* and *Smith* matters involve a common question of fact and/or law and involve the same Defendants. All the cases are based in allegations that Defendants manufactured baby foods containing high levels of undisclosed metals and cite to the same Subcommittee report. Defendants dispute all the allegations and are likely to raise the same, if not highly similar, objections or concerns in all the matters. It would be an inefficient use of judicial resources to address the same discovery disputes, or legal challenges, in separate matters based on the same alleged facts. Correspondingly, the matters will most likely require the same, if not highly similar, discovery for each party to prove their respective positions. Thus, judicial economy would be best served by having the discovery streamlined for all parties.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Consolidate the *Smid*, *Chase*, *Baccari* and *Smith* matters is hereby **GRANTED in part.**

**IT IS THEREFORE ORDERED** this **30th** day of **June 2021**, that the matters of *Smid v. Campbell Soup Co.*, No. 1:21-cv-02417-NLH-SAK, *Chase v. Campbell Soup Co.*, No. 1:21-cv-04650-NLH-SAK, *Baccari v. Campbell Soup Co.*, No. 1:21-cv-04749-NLH-SAK, and *Smith v. Campbell Soup Co.*, No. 1:21-cv-08567-NLH-SAK are **consolidated for discovery and case management purposes only**; and it is further

**ORDERED** that Defendants shall file an answer, move or otherwise respond to the respective complaints in *Smid*, *Chase*, *Baccari* and *Smith* within forty-five (45) days of this Order. This Order supersedes all prior orders establishing a timeframe to answer, move or otherwise respond to the complaint.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge
